# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2067

_____

United States of America,    *
                             *
          Appellee,          *
                             *    Appeal from the United States
     v.                      *    District Court for the
                             *    Western District of Missouri.
Charlie Cann,                *
                             *    [UNPUBLISHED]
          Appellant.         *

_____

Submitted: September 2, 2004
    Filed: September 9, 2004

_____

Before MURPHY, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Charlie Cann was committed under 18 U.S.C. § 4246 in 1996, and has been confined since then at the United States Medical Center for Federal Prisoners (MCFP) in Springfield, Missouri. He appeals the district court's[1] order, entered after a hearing, declining to change his status. For the reasons that follow, we affirm.

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.

Section 4246 provides for the involuntary hospitalization of a person who, after a hearing, is found by clear and convincing evidence to be suffering from a mental defect as a result of which his release would create a substantial risk of harm to the person or property of another, where suitable arrangements for state custody are unavailable. A person thus committed can, through counsel or a legal guardian, move for a hearing to determine whether he should be discharged. See 18 U.S.C. § 4247(h). Following careful review, we conclude that the district court's section 4246 finding of ongoing dangerousness was not clearly erroneous, see United States v. Steil, 916 F.2d 485, 488 (8th Cir. 1990) (standard of review), because the mental health professionals here--both those on staff at MCFP and the independent clinical psychologist who interviewed Cann at his counsel's behest--unanimously believed Cann's release would be dangerous, given his unrelenting delusions and related threats of violent behavior, with medication never having resulted in a complete remission of symptoms, see United States v. S.A., 129 F.3d 995, 1000-01 (8th Cir. 1997) (noting history of violence and patient's reluctance to take medication voluntarily, in affirming § 4246 commitment), cert. denied, 523 U.S. 1011 (1998); Steil, 916 F.2d at 488 (noting five mental health professionals found patient to be mentally ill and dangerous, and there was no contrary medical opinion). We observe that the government is under an ongoing obligation to prepare annual reports concerning Cann's mental condition and to exert reasonable efforts to place Cann in a suitable state facility. See 18 U.S.C. §§ 4246(d), 4247(e). In addition, there is nothing preventing Cann from continuing to attempt to convince his doctors to discontinue his medication.

Accordingly, the judgment of the district court is affirmed, and counsel's motion to withdraw is granted.

_____